# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 23-CR-033-CG |
| | ) | |
| LARRY DALE BARLOW | ) | |

## PLEA AGREEMENT

The defendant, **LARRY DALE BARLOW,** represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

## RIGHTS OF THE DEFENDANT

1.    The defendant understands his rights as follows:

    a.    To be represented by an attorney;

    b.    To plead not guilty;

    c.    To have a trial by an impartial jury;

    d.    To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

    e.    To not be compelled to incriminate himself.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

2.    The defendant waives rights b through e, listed above, and pleads guilty to Count One of the Indictment, charging a violation of Title 18, United States Code, Section 2252A(a)(5), Possession of Child Pornography.

1

3.     The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4.     The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5.     The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6.     The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offenses.

7.     The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charges. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8.     Defendant recognizes that pleading guilty may have consequences with respect to immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which

he is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

9.     A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

10.     This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

11.     The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not

limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

12. The defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

## **PENALTY**

13. The maximum penalty the Court could impose as to Count One of the Indictment is:

   a.   20 years' imprisonment;

   b.   A fine not to exceed $250,000;

   c.   A term of supervised release of five (5) years to LIFE, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d.   A mandatory special assessment of $100.00;

   e.   An assessment of $5,000.00 per count under 18 U.S.C. § 3014;

   f.   An assessment, pursuant to 18 U.S.C. §2259A, per count of no more than $17,000.00;

   g.   Mandatory restitution under 18 U.S.C. §2259 that, for any conviction of an offense described in paragraphs (e)(1) or (2), is not less than $3,000.00 per victim; and

4

h.     Such restitution as may be ordered by the Court.

## SENTENCING

14.     The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

15.     The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely at the discretion of the Court.

16.     The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

17.    Both the defendant and the United States are free to allocute fully at the time of sentencing. The defendant understands that the United States intends to introduce some of the aggravating circumstances of this offense.

## SEX OFFENDER REGISTRATION

18.    The defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911 et seq., he is a sex offender as that term is defined in the Act. The defendant further understands, acknowledges, and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I also understand that if I possess a passport, it will be marked with a unique identifier identifying me as a convicted sex offender. I understand that if I seek to travel outside the United States, I must notify my residence jurisdiction of my travel at least 21 days prior to that travel. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by fine or imprisonment, or both. The defendant

further agrees that for initial registration purposes only, the defendant is required to also register in the jurisdiction in which the defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

## SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

19. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. Should the Court determine that the defendant is not indigent, the defendant agrees to tender $5000.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

20. The parties agree that the United States reserves the right to recommend a fine.

21. Defendant agrees that if any restitution is ordered by the Court under 18 U.S.C. §2259, the amount of restitution ordered by the Court shall include defendant's total offense conduct. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this

7

agreement. The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full. The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory.

23. Specifically, the defendant agrees to pay restitution in the amount of $5000 to John Doe 2 of the 8 Kids Series and $3000 to Andy of the Sponge Bob Series. If other restitution requests are received by the United States prior to sentencing, the parties agree that the United States reserves the right to present those additional restitution requests at sentencing.

## FORFEITURE

24. The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a

preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal or collateral attack.

## FINANCIAL OBLIGATIONS

25.     The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

26.     The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will not pursue additional charges against the defendant in connection with this matter.  This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

27.     The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court, and will move to dismiss any remaining counts of the indictment.

### APPLICATION OF USSG § 5K1.1 AND/OR FED. R. CRIM. P. 35

28.     The defendant understands and agrees that he has no right to cooperate, and that the decision whether to allow him to cooperate is reserved solely to the United States in the exercise of its discretion. If the United States agrees to allow the defendant to cooperate, and if the defendant agrees to cooperate, the following terms and conditions apply:

   a. The defendant shall fully, completely, and truthfully respond to all questions put to him by law enforcement authorities regarding the underlying facts of the offense(s) with which he is charged, as well as the underlying facts of any criminal offense(s), state or federal, of which he has information or knowledge.

   b. The defendant acknowledges that he understands that he shall provide truthful and complete information regarding any offense about which he has knowledge or information regardless of whether law enforcement authorities question him specifically about any such offense. This provision requires the defendant to divulge all information available to him even when law enforcement authorities do not know about the defendant's involvement, knowledge or information relating to any particular offense. This requirement extends to any and all persons about whom the defendant has such knowledge or information.

c. The defendant agrees to cooperate completely with all law enforcement authorities in any matters to which his cooperation may be deemed relevant by any law enforcement authority. The defendant agrees to fully comply with all instructions from law enforcement authorities regarding the specific assistance he shall provide. This includes, but is not limited to, consenting to monitored and/or recorded telephone conversations, participating in undercover operations, testifying completely and truthfully before any grand jury, at any pre-trial proceeding, during any trial, and any post-trial proceeding.

d. If the United States deems it necessary, the defendant may be required to take a polygraph examination(s) which will be administered by a government polygrapher. The defendant agrees that the results of any polygraph examination may be used by the United States in its evaluation of whether there has been substantial assistance, and are admissible at sentencing to rebut an assertion by the defendant of bad faith or unconstitutional motive on the part of the United States.

e. The defendant agrees to turn over to the United States any and all documents, tapes and other tangible objects which are in his possession or under his control and which are relevant to his participation in and knowledge of criminal activities, regardless of whether it relates to the charged offense. This obligation is a continuing one and includes materials that the defendant may acquire, obtain or have access to after the execution of this agreement.

f. The defendant also agrees to identify the assets of any other person which were obtained through or facilitated the defendant's illegal activities or the illegal activities of another.

g. If the defendant provides full, complete, truthful and substantial cooperation to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, a decision specifically reserved by the United States in the exercise of its sole discretion, then the United States agrees to move for a downward departure in accordance with Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable. The United States specifically reserves the right to make the decision relating to the extent of any such departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation. The defendant understands that the United States will make no representation or promise with regard to the exact amount of reduction, if any, the United States might make in the event that it determines that the defendant has provided substantial assistance. The defendant understands that a mere interview with law enforcement authorities does not constitute substantial assistance. The defendant also understands that, should he provide untruthful information to the United States at any time, or fail to disclose material facts to the United States at any time, or commits a new criminal offense, the United States will not make a motion for downward

departure. If the defendant's effort to cooperate with the United States does not amount to substantial assistance as determined solely by the United States, the United States agrees to recommend that the defendant receive a sentence at the low end of the advisory guideline range.

h. The United States and the defendant agree that any breach of this agreement by the defendant, including but not limited to committing a new offense, failing to cooperate, intentionally withholding information, giving false information, committing perjury, failing to identify assets obtained by him from his illegal activities or obtained by others associated with him or of which he has knowledge, refusing to take a polygraph examination, failing a polygraph examination, or refusing to testify before the grand jury or at any judicial proceeding, would:

(1) permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters underlying the Indictment; and

(2) permit the United States to initiate and proceed with the prosecution on any other charges arising from a breach of this agreement. The United States will not be limited, in any respect, in the use it may make against the defendant of any information provided by the defendant during his breached cooperation. Such breach will constitute a waiver of any claim the defendant could make under the United States Constitution, the Federal Rules of Evidence, the

Federal Rules of Criminal Procedure, or any statute or case law by which the defendant seeks to suppress the use of such information or any evidence derived from such information.

i. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, false statement, and obstruction of justice, should the defendant commit any of these offenses during his cooperation. The defendant acknowledges and agrees that the information that he discloses to the United States pursuant to this agreement may be used against him in any such prosecution.

The United States and the defendant agree that the defendant will continue his cooperation even after he is sentenced in the instant matter. His failure to continue his cooperation will constitute a breach of this agreement, and the defendant agrees that under such conditions, the United States will be free to reinstate the charges and the prosecution of the charges in the Indictment, which are to be dismissed in accordance with this agreement. Under these circumstances, the defendant expressly waives any rights he may have under the statute of limitations and the speedy trial provisions

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

29.     As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily

waives the right to file any direct appeal or any collateral attack, including a

motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The

defendant also waives, to the full extent of the law, any right to appeal or to

collaterally attack his sentence, including any assessment, forfeiture, or restitution

order. Accordingly, the defendant will not challenge his guilty plea, conviction,

or sentence in any district court or appellate court proceedings.

      a.    **EXCEPTIONS.** The defendant reserves the right to timely

    file a direct appeal challenging:

        (1)    any sentence imposed in excess of the statutory

               maximum;

        (2)    any sentence which constitutes an upward departure

               or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of

counsel in a direct appeal or § 2255 motion.

30.    If the United States files a notice of appeal and such appeal is authorized by the

Solicitor General, the defendant is released from the appellate waiver.

31.    The defendant further reserves the right to timely move the district court for an

amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive

amendment to the Sentencing Guidelines which would affect the sentence.

32.    If the defendant receives a sentence within or below the advisory guideline range,

subject to the minimum mandatory sentence, this plea agreement shall serve as

the defendant's express directive to defense counsel to timely file a "Notice of

Non-Appeal" following sentencing, signed by the defendant.

15

## VIOLATION OF AGREEMENT

33. The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

34. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

35. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,
SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: April 12, 2023

*/s/ Kacey Chappelear*
Kacey Chappelear
Assistant United States Attorney

Date: April 12, 2023

*/s/ Kasee Heisterhagen*
Kasee Heisterhagen
Assistant United States Attorney

16

Deputy Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the offenses charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 4/18/2023

_____
**LARRY DALE BARLOW**
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offenses charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 4/18/23

_____
PETER MADDEN
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 23-CR-00033-CG** |
| | ) | |
| **LARRY DALE BARLOW** | ) | |

## FACTUAL RESUME

The defendant, **LARRY DALE BARLOW,** admits the allegations of Count One of the

Indictment.

## ELEMENTS OF THE OFFENSE

**LARRY DALE BARLOW** understands that in order to prove a violation of Title 18,

United States Code, Section 2252A(a)(5), as charged in Count One of the Indictment, the United

States must prove:

> First: the Defendant knowingly possessed an item or items of child
> pornography;
>
> Second: the item(s) of child pornography had been transported, shipped, or mailed
> in interstate or foreign commerce, including by computer;
>
> Third: when the defendant received the item(s), the defendant believed the items
> contained child pornography; and
>
> Fourth: the images depicted a prepubescent minor.

## OFFENSE CONDUCT

Defendant, **LARRY DALE BARLOW**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **LARRY DALE BARLOW's** plea of guilty. The statement of facts does not contain each and every fact known to **LARRY DALE BARLOW** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

Larry **BARLOW** entered a guilty plea in the District Court for the Southern District of Alabama on December 28, 2012, to one count of receipt/distribution of child pornography. **BARLOW** was sentenced on May 20, 2013, to 120 months in prison and an SRT term of life.

On March 7, 2022, around 8:34 am, his probation officer, David Broadnax, along with Probation Officer Russell Mitchell conducted a home visit at **BARLOW's** tent which is in a wooded lot off Moffett Road in Mobile. **BARLOW** was asked to open the tent to allow the officer to inspect his living area for any contraband. Officer Broadnax immediately observed a smartphone, laying in plain view on the mattress. Officer Broadnax had never seen this smartphone in **BARLOW's** possession and had not given him permission to purchase an internet capable smartphone. Both **BARLOW** and Officer Mitchell were called to the tent to look at the smartphone. **BARLOW** was asked to identify the item on the mattress. He stated it was a smartphone. Officer Broadnax took a photo of the smartphone on the mattress where it was initially observed, prior to seizing it. When asked who the smartphone belonged to, **BARLOW** initially stated that another individual who lives in a tent near him allowed him to "hold" the phone while he was away. Subsequently, **BARLOW** admitted that the smartphone belonged to

him and that he purchased it at Boost Mobile in December 2021. **BARLOW** further admitted that he received child pornography on the smartphone from an individual he met through an app named Template.

The smartphone was seized by Officer Broadnax. **BARLOW** was provided a property receipt and instructed to report to the Probation Office on the same date at 2:00 pm to further discuss his criminal conduct. **BARLOW** reported to the Probation Office and met with this probation officer along with Supervisory Probation Officer Shannon Rizzo. **BARLOW** provided a written statement admitting to purchasing the smartphone without the probation officer's permission and to receiving and viewing child pornography on the smartphone. In his written statement, **BARLOW** admitted that life stressors caused him to "relapse into passed [sic] patterns and reoffend." According to **BARLOW**, the stress caused him to "reoffend" by receiving and viewing videos of child pornography. **BARLOW** advised that the child pornography was still on the seized smartphone. **BARLOW** also signed a consent to search form to allow the smartphone to be examined.

On March 8, 2022, Officer Broadnax, along with Probation Officer Stanley McGilvray, released the seized smartphone to the Gulf Coast Technology Center for examination. Laura Grantham examined the phone and found 171 images and 113 videos of Child Sexual Abuse Material (CSAM). Images included depictions of prepubescent children, toddlers, and S&M.

**BARLOW** admits that the United States can prove that he knowingly possessed images of child pornography.

AGREED TO AND SIGNED.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: _April 12, 2023_      _/s/ Kacey Chappelear_
Kacey Chappelear
Assistant United States Attorney


Date: _April 12, 2023_      _/s/ Kasee Heisterhagen_
Kasee Heisterhagen
Assistant United States Attorney
Deputy Chief, Criminal Division


Date: 4/18/2023     
LARRY DALE BARLOW


Date: 4/18/23     
PETER MADDEN
Attorney for Defendant